1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SOWOCO, a California general        )
     partnership,                        )
12                                       )        2:07-cv-662-GEB-GGH
                          Plaintiff,     )
13                                       )
          v.                             )        ORDER[*]
14                                       )
     ROADWAY PACKAGE SYSTEM, INC., a     )
15   business organization form unknown;)
     RPS, INC., a business organization )
16   form unknown; FEDEX GROUND PACKAGE )
     SYSTEM, INC., a business entity     )
17   form unknown,                       )
                                         )
18                        Defendants.    )
                                         )
19   ────────────────────────────────────

20          Defendant FedEx[1] ("FedEx") moves under Federal Rule of Civil

21   Procedure 12(b)(6) for dismissal of Plaintiff's claims of waste,

22   violation of the California Unruh Civil Rights Act, and negligence,

23   arguing that they are not claims upon which relief can be granted.[2]

24   ────────────────────────

25          [*]    This matter was determined to be suitable for decision without
     oral argument.  L.R. 78-230(h).

26
            [1]    Defendant FedEx was formally known as Roadway Package System,
27   Inc. and RPS, Inc.

28          [2]    All references to "Rules" are to the Federal Rules of Civil
                                                          (continued...)

FACTUAL ALLEGATIONS

Plaintiff alleges it entered into a lease agreement with Defendant Roadway Package System, Inc. ("Roadway") whereby Roadway would occupy certain property belonging to Plaintiff. (Pl.'s Compl. ¶ 7.)  Plaintiff further alleges that all Defendants are responsible for the obligations imposed by the lease. (<u>Id.</u> ¶ 8.)  This lease obligated Defendants "to deliver up and return [the leased property] in as good a condition as upon entry." (<u>Id.</u>)  Plaintiff further alleges Defendants "caused damage to [that] property." (<u>Id.</u> ¶ 10.) Plaintiff provided notice to Defendants of the damage and requested Defendants repair the property. (<u>Id.</u> ¶ 11.)  Defendants refused and therefore, Plaintiff "engaged the services of individuals and companies to restore [the property] to good order and condition" for an expense in excess of $400,000. (<u>Id.</u> ¶ 12.)

DISCUSSION

I.  Legal Standard

A claim may be dismissed under Rule 12(b)(6) "for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).   When deciding dismissal under Rule 12(b)(6), all material allegations in the Complaint must be accepted as true and construed in the light most favorable to Plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). In addition, Plaintiff is given the benefit of every reasonable

---

[2](...continued)
Procedure.

inference that can be drawn from the plead allegations.  <u>Retail Clerks</u>
<u>Int'l Ass'n v. Shermahorn</u>, 373 U.S. 746, 753 n.6 (1963).

## II.  Waste

FedEx argues Plaintiff's waste claim must be dismissed because Plaintiff "does not allege [permanent] depreciation [in market value of the property and instead] avers that the property was restored to 'good order.'"  (Def.'s Mot. to Dismiss ("Def.'s Mot.") at 3:7-9.)  Plaintiff rejoins the damage to the property "is widespread and severe" and that "[t]he use of the word 'waste' in describing the damage in conjunction with the factual allegations should be sufficient under federal law to withstand [FedEx's] challenge." (Pl.'s Opp'n at 6:8-12.)

To state a claim for waste Plaintiff must allege "that th[e] damage [to its property] caused a substantial or permanent diminution in the market value of the premises."  <u>Freeze v. Brinson</u>, 3 Cal. App. 4th Supp. 1, 4 (1991).  This has not been alleged.  Plaintiff asserts a depreciation in market value is implicit in its use of the word waste, but this bare assertion is unpersuasive.  (Pl.'s Opp'n at 7:11.)  Since Plaintiff has failed to allege that the market value of the property has decreased, it has not provided FedEx "fair notice of what the [waste] claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).  Therefore, Plaintiff's waste claim against FedEx is dismissed without prejudice.

## III.  Unruh Act

FedEx argues Plaintiff's claim under the Unruh Act, in which Plaintiff alleges that FedEx intentionally breached its contractual obligations to Plaintiff because one of Plaintiff's partners is of Arabic descent, must be dismissed because a landlord is not protected

under the Unruh Act for discrimination by a tenant.  (Def.'s Mot. at 3:14, 18-19; 4:13-14; 5:2-3, see also Pl.'s Compl. ¶¶ 23-24.) Plaintiff counters that the Unruh Act should be interpreted broadly to provide protection against all discrimination.  (Pl.'s Opp'n at 7:18-19; 9:15-19.)

The Unruh Act provides that "[a]ll persons within the jurisdiction of [California] are free and equal, and . . . are entitled to . . . full and equal accommodations, advantages, facilities, privileges, or services in all business establishments." Cal. Civ. Code § 51.  The Unruh Act protects "clients, patrons or customers," or a "[P]laintiff . . . in a relationship with the offending organization similar to that of the customer in the customer-proprietor." Strother v. S. Cal. Permanente Med. Group, 79 F.3d 859, 873-74 (9th Cir. 1996).  A landlord constitutes a business establishment within the meaning of the Unruh Act and therefore, is not the equivalent of a client, patron, or customer under the Act. See O'Connor v. Vill. Green Owners Ass'n, 33 Cal. 3d 790, 796 (1983). Accordingly, Plaintiff's Unruh Act claim against FedEx is dismissed with prejudice.

IV.  Negligence

FedEx also seeks dismissal of Plaintiff's negligence claim arguing "Plaintiff does not allege that [FedEx] owed a duty to [Plaintiff] independent of the contractual obligations."[3]  (Def.'s

---

[3]     In its Reply, FedEx also asserts "the economic loss rule . . . is . . . applicable in this case" and that since "[Plaintiff] has failed to allege harm above and beyond a broken contractual promise[,] the negligence claim should be dismissed."  (Def.'s Reply at 6:1-2, 10-11.) The economic loss rule provides "[w]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has
(continued...)

Mot. at 7:17-18.)  Plaintiff rejoins the negligence claim stands
"because an independent legal duty exists protecting [Plaintiff's]
property rights."  (Pl.'s Opp'n at 10:26-27.)

Plaintiff argues its negligence claim is based on the
independent statutory duty that "[e]very person is bound, without
contract, to abstain from injuring the . . . property of another, or
infringing upon any of his or her rights."  Cal. Civ. Code § 1708.
Plaintiff alleges FedEx caused damage to "the pavement, modular deck
areas, asphalt, storm drains, walks, loading docks, plumbing,
downspouts, and CMU walls" on Plaintiff's property.  (Pl.'s Compl. ¶¶
15, 29.)  "Conduct amounting to a breach of contract becomes tortious
. . . when it also violates a duty independent of the contract arising
from principles of tort law."  <u>Erlich v. Menezes</u>, 21 Cal. 4th 543, 551
(1999); <u>Vandenberg v. Super. Ct.</u>, 21 Cal. 4th 815, 840 (1999) ("[T]he
same act may constitute both a breach of contract and a tort"); <u>Eads
v. Marks</u>, 39 Cal. 2d 807, 811 (1952) ("A tort may grow out of or be
coincident with a contract.").  Since FedEx has not shown Plaintiff's
negligence claim does not arise from a duty independent of the
contract, this portion of the motion is denied.

<u>CONCLUSION</u>

For the stated reasons, FedEx's motion is granted and denied
in part.  Plaintiff is granted leave to amend its waste claim,

---

[3](...continued)
suffered only 'economic' losses."  <u>Robinson Helicopter Co., Inc. v. Dana
Corp.</u>, 34 Cal. 4th 979, 988 (2004) (internal quotation marks omitted).
In addition, when a tort claim is based on a duty independent of the
contract, the economic loss rule does not apply.  <u>Frye v. Wine Library,
Inc.</u>, 2006 WL 3500605, at *2 (N.D. Cal. Dec. 4, 2006).  Since Plaintiff
is not a purchaser seeking recovery for "economic" losses, but is
seeking recovery for damage to its property based on an independent tort
duty, the economic loss rule does not apply.

provided that it files an amended complaint within ten days from the
date on which this order is filed.

          IT IS SO ORDERED.

Dated:  August 7, 2007

                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge